O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| DAHDOUL TEXTILES, INC.; IMAD DAHDOUL,<br><br>      Plaintiffs,<br><br>  v.<br><br>ZINATEX IMPORTS, INC.; MOUSA ABUHADBA; and DOES 1–10, inclusive,<br><br>      Defendants. | Case № 2:15-cv-04011-ODW(ASx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING DEFENDANTS' MOTION TO TRANSFER [16]** |

## I. INTRODUCTION

Defendants Zinatex Imports, Inc. and Mousa Abuhadba (collectively "Defendants") move to dismiss the Complaint for lack of personal jurisdiction and improper venue. Abuhadba also moves to dismiss the Complaint for insufficient service of process. Additionally, Defendants move in the alternative to transfer the matter to the Northern District of Illinois. For the reasons discussed below, the Court **DENIES** Defendants' Motion to Dismiss, but **GRANTS** Defendants' Motion to Transfer. (ECF No. 16.)

## II. FACTUAL BACKGROUND

Plaintiff Imad Dahdoul created a rug design known as "Design #501," the copyright for which was registered by Plaintiff Dahdoul Textiles, Inc. (Compl. ¶¶ 2,

1 | 22–23.) At some point, Plaintiffs allegedly discovered that Defendants were selling rugs with designs that bore a "remarkable resemblance" to Design #501. (*Id.* ¶ 5.)

During further investigation, a person employed by Plaintiffs "saw a large number of rugs bearing Design #501 packaged up with Defendants' name on them" at a rug manufacturer's premises in Turkey. (*Id.* ¶ 6.) The manufacturer previously informed Defendants that the rug design was copyrighted, but Defendants allegedly insisted that the design "could not be copyrighted." (*Id.* ¶ 7.) Plaintiffs sent Defendants a cease-and-desist letter by certified mail, to which Defendants failed to timely respond. (*Id.* ¶¶ 8, 26; Decl. Dahdoul ¶ 6.) Plaintiffs filed this lawsuit shortly thereafter, alleging one cause of action for willful copyright infringement under the Copyright Act. (ECF No. 1.) Plaintiffs' Proof of Service of Summons indicates that they served Zinatex by personally delivering the Summons and Complaint to its president, Abuhadba. (ECF No. 22.)

Dahdoul Textiles is a California corporation, with its principal place of business in Commerce, California. (Compl. ¶ 15.) Zinatex is an Illinois corporation, with its only two offices located in Cook County, Illinois. (Decl. Abuhadba ¶ 14.) Zinatex has no employees in California, does not own or lease real property in California, and does not otherwise have any assets in California. (*Id.* ¶¶ 16–18.) Abuhadba is a resident of Illinois. (*Id.* ¶¶ 2, 3.) Neither Defendant has sold rugs bearing Design #501 in California (*id.* ¶ 21), although there is conflicting evidence on whether or not Zinatex sells other rugs in California. (*Compare* Decl. Abuhadba ¶ 28, *with* Decl. Rodriquez ¶ 4.)

On July 16, 2015, Defendants moved to dismiss the Complaint, or in the alternative, to transfer the case to the Northern District of Illinois. (ECF No. 16.) On August 3, 2015, Defendants submitted a "Reply" that rehashed the arguments made in its Motion and pointed out Plaintiffs' failure to file an Opposition. (ECF No. 19.)
/ / /
/ / /

Later that day, Plaintiffs filed their Opposition. (ECF No. 20.)[1] Defendants did not file a subsequent response. Defendants' Motion is now before the Court for consideration.

### III. DISCUSSION

Defendants move to dismiss the Complaint for lack of personal jurisdiction and improper venue. Abuhadba also moves to dismiss the Complaint for insufficient service of process. In the alternative, Defendants move to transfer the matter to the Northern District of Illinois. The Court will address each issue in turn.

#### A. Personal Jurisdiction

Defendants contend that they are not subject to personal jurisdiction in California because they did not "purposefully direct" their activities toward this state. (Mot. at 8–10.) The Court disagrees.

To satisfy due process, a non-resident defendant must be subject to either general jurisdiction in the state or have "certain minimum contacts with [a state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In copyright cases, such minimum contacts exist where (1) the defendant "purposefully direct[s]" their activities toward the forum state, (2) the claim arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.[2] *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011). Purposeful direction, in turn, is determined using the *Calder* effects test. That test "requires that 'the defendant . . . have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be

---

[1] Not only was Plaintiffs' Opposition brief filed a week late, but Plaintiffs continued filing supplemental documents in support of their Opposition for several days. However, Defendants did not request an opportunity to respond to Plaintiffs' untimely Opposition, and counsel appeared unprepared to discuss the legal precedent cited by Plaintiffs at the Motion hearing. Given these circumstances, the Court exercises its discretion to consider the Opposition documents.

[2] Defendants contest only the "purposeful direction" prong of the test.

suffered in the forum state.'" *Id.* at 1228 (citation omitted).

Despite Defendants' apparent lack of connection with California, Ninth Circuit law is clear: the willful infringement of a copyright held by a company known to do business in the forum state is sufficient to satisfy the *Calder* effects test. *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 673 (9th Cir. 2012). Like the defendant in *Washington Shoe*, Defendants here (1) performed intentional acts by purchasing the Design #501 rugs from the manufacturer in Turkey, copying the design, and selling the rugs, *id.* at 674, (2) expressly aimed their conduct at the forum state by willfully infringing the copyright of a California corporation after being informed of the copyright by the manufacturer, and after being sent the cease-and-desist letter by Plaintiffs,[3] *id.* at 678, and (3) knew or should have known that the economic loss from their infringement would be felt in California, which is where Plaintiffs are doing business, *id.* at 679. As a result, Defendants are subject to personal jurisdiction in California.

**B.      Insufficient Service of Process**

The Court also rejects Abuhadba's argument that serving him with only one copy of the Summons and Complaint on behalf of both himself and his company constitutes insufficient service. (Mot. at 10–12.) "[A]n individual . . . may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal citations and quotations omitted). Abuhadba clearly received sufficient notice of the lawsuit when he was hand-delivered a Summons and Complaint identifying both him and Zinatex as defendants

---

[3]      As the cease-and-desist letter was sent by certified mail to Defendants and requested a response from them, it is reasonable to infer that Plaintiffs' address in California was included somewhere on the letter or envelope.

in the action; the fact that he received only one copy of each is inconsequential. Such service constitutes substantial compliance with Rule 4(e).

**C. Venue**

Defendants request that the Court dismiss the action for improper venue. 28 U.S.C. § 1406(a). In the alternative, Defendants request that the Court transfer the matter to the Northern District of Illinois under 28 U.S.C. § 1404(a). (Mot. at 12–19.) Because venue is proper in this district, the Court cannot dismiss the action under § 1406. However, as the matter would be more conveniently litigated in the Northern District of Illinois, the Court will transfer the case to that district under § 1404.

### 1. Dismissal for Improper Venue

Section 1406 "authorize[s] dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). Actions arising under the Copyright Act are properly brought in the district where the defendants reside. 28 U.S.C. § 1400(a). "This circuit interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1126 (9th Cir. 2010). As previously discussed, Defendants are subject to personal jurisdiction in California because they infringed on a copyright held by Plaintiffs, whom they knew to reside in this state. (*See supra* Part III.A.) Because Defendants allegedly further knew that Dahdoul Textiles' place of business is within this judicial district, the Court's personal jurisdiction analysis applies with equal force if we treat this district as a separate state. As venue is proper in this district, the case cannot be dismissed under § 1406(a).

### 2. Convenience Transfer

Transfer to the Northern District of Illinois is appropriate here under § 1404. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought . . . ." 28 U.S.C. § 1404(a). "This provision gives a district court broad discretion to transfer a case to another district where venue is also proper." *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093, 1108 (C.D. Cal. 2007) (footnote omitted); *see also Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.").

Analysis under § 1404 is two-fold. First, it must be shown that subject matter jurisdiction, personal jurisdiction, and proper venue exist in the transferee court. *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009); *see also Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). All three clearly exist here. Subject matter jurisdiction for claims under the Copyright Act exists in all district courts. 28 U.S.C. §§ 1331, 1338. Defendants concede they are subject to personal jurisdiction in Illinois. Finally, venue is proper in the Northern District of Illinois because Defendants reside in Cook County, Illinois. *See* 28 U.S.C. § 1400(a).

Second, the court must weigh a multitude of factors to determine whether transfer is appropriate, including: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the location where the relevant agreements were negotiated and executed, (4) the state that is most familiar with the governing law, (5) the plaintiff's choice of forum, (6) the respective parties' contacts with the forum, (7) the contacts relating to the plaintiff's cause of action in the chosen forum, (8) the differences in the costs of litigation in the two forums, (9) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (10) the ease of access to sources of proof. *Metz*, 674 F. Supp. 2d at 1145; *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). Although "great weight is generally accorded plaintiff's choice of forum," *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987), such deference is "diminished 'if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the

forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum.'" *Metz*, 674 F. Supp. 2d at 1146 (citations omitted).

The Court feels that the factors tip in favor of transferring the matter. While each party would obviously prefer to litigate the case in their respective districts, the Court is inclined to give more weight to Defendants' convenience given that they are the ones being haled into court with little connection to California. Notably, Plaintiffs are not due the significant deference typically afforded to their choice of forum because the alleged infringement did not occur in California, and because this district is clearly not the primary residence of the Defendants. *Id.*

The convenience of the relevant witnesses and location of relevant evidence also favors transfer. In copyright infringement cases, "[a]bsent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Plaintiffs here allege that Defendants had such access by purchasing rugs with the protected pattern from the manufacturer in Turkey. (Compl. ¶ 6.) Plaintiffs also allege that the infringement was willful because Defendants sold infringing rugs after both the manufacturer and Plaintiffs informed Defendants of the copyright. (Compl. ¶¶ 5–9.)

The witnesses relevant to proving these allegations appear to be Abuhadba and other Zinatex employees (who are located in Illinois), and the manufacturer in Turkey (which neither favors nor disfavors transfer given the distance). They would also appear to be the ones in possession of the relevant evidence, such as the infringing rugs, the original copyrighted rugs allegedly sold to Defendants, and any related documents. Finally, the evidence needed to establish Defendants' profits attributable to their sales of infringing rugs would obviously be in possession of Defendants. (*See* Compl. ¶ 31 (requesting disgorgement of such profits from Defendants).)

Plaintiffs do not point to any relevant evidence or witness that may be in

California. Although Plaintiffs claim they found a Zinatex rug for sale in California, there is no allegation that rugs with the copyrighted design are in California. Moreover, the alleged discussions between Abuhadba's brother and Dahdoul's brother and father (all of whom live in California) regarding possible resolution of the lawsuit do not bear on whether or not Defendants infringed Plaintiffs' rug designs in the first place. (Decl. Dahdoul ¶¶ 10–13.) Even if such conversations are probative of whether or not Defendants received the cease-and-desist letter, the Court finds that such evidence does not outweigh the significant evidence located in Illinois.

Plaintiffs do not address the remaining factors under § 1404(a), which appear to be inapplicable or further favor transfer for the above reasons. Given these circumstances, transfer to the Northern District of Illinois is appropriate.

### III. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Dismiss, but **GRANTS** Defendants' Motion to Transfer. (ECF No. 16.) This matter is hereby transferred to the Northern District of Illinois for further proceedings. The Clerk of the Court will close this case.

**IT IS SO ORDERED.**

August 25, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**